KIRK M. NUZUM (SBN 144745)
Email: kirk.nuzum@bipc.com
CYRIL J. DANTCHEV (SBN 129585)
Email: cyril.dantchev@bipc.com
BUCHANAN INGERSOLL & ROONEY LLP
600 West Broadway, Suite 1100
San Diego, CA 92101
Telephone:   (619) 239-8700
Facsimile:   (619) 702-3898

Attorneys for Plaintiff,
PACIFIC PRESS PUBLISHING ASSOCIATION, INC.

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA, SACRAMENTO DIVISION

| | |
|---|---|
| PACIFIC PRESS PUBLISHING ASSOCIATION, INC., <br><br> Plaintiff, <br><br> vs. <br><br> CONSOLIDATED GRAPHICS, INC., dba PACIFIC STANDARD PRESS, and AMERICAN LITHOGRAPHERS, INC. <br><br> Defendants. | Case No. <br><br> **PACIFIC PRESS PUBLISHING ASSOCIATION, INC.'S COMPLAINT FOR TRADEMARK INFRINGEMENT (15 U.S.C. § 1114); UNFAIR COMPETITION (15 U.S.C. § 1125 (a)); UNFAIR COMPETITION UNDER CALIFORNIA LAW; DILUTION (15 U.S.C. § 1125(c)); DILUTION UNDER CALIFORNIA LAW** <br><br> **JURY TRIAL DEMANDED** |

## COMPLAINT

For its Complaint herein against defendants Consolidated Graphics Inc., doing business as Pacific Standard Press and its related company American Lithographers, Inc. (collectively "Defendant Pacific Standard Press"), plaintiff Pacific Press Publishing Association, Inc. ("Plaintiff Pacific Press"), by its attorneys, alleges and states the following:

### JURISDICTION AND VENUE

1. This is a claim for damages and injunctive relief for trademark infringement and unfair competition under the Lanham Act, 15 U.S.C. § 1125(a), unfair competition under California law, Cal. Bus. & Prof. Code §§ 17200 et seq. and dilution under the Federal Trademark Dilution Act 15 U.S.C. § 1125(c), and under California law, Cal. Bus. & Prof. Code § 14330.

2. The Court has subject matter jurisdiction over this action pursuant to the Lanham Act, 15 U.S.C. § 1121, and 28 U.S.C. §§ 1331 and 1338. This court has pendant jurisdiction over Plaintiff Pacific Press's state law claims pursuant to 28 U.S.C. § 1338(b).

3. Venue is proper in this judicial district under 28 U.S.C. § 1391(b) and (c) because Defendant Pacific Standard Press transacts business within this judicial district, and a substantial part of the acts complained of herein that have caused and are continuing to cause injury to Plaintiff Pacific Press have occurred and are continuing to occur within this judicial district.

### PARTIES

4. Plaintiff Pacific Press is a non-profit corporation incorporated in Idaho, and has its principal place of business at 1350 North Kings Road, Nampa, Idaho, 83687.

5. Upon information and belief, Defendant Consolidated Graphics, Inc. is a Texas corporation, with a registered agent address at 800 Brazzos Street, Suite 400, Austin, TX 78701. Upon information and belief, Defendant Consolidated Graphics, Inc. operates numerous business operations throughout the United States, with its principal place of business at 5858 Westheimer Road, Suite 200, Houston, TX 77057. Upon information and belief, Defendant Consolidated Graphics, Inc. does business in Sacramento, California as Pacific Standard Press, with a business address of 2629 5th Street, Sacramento, CA 95818. Upon information and belief, the location at 2629 5th Street, Sacramento, CA 95818 was operated as part of the Consolidated Graphics printing

network by American Lithographers, Inc. under the name of American Lithographers and on or about May 2009, American Lithographers changed the name of its Sacramento, California location to Pacific Standard Press. Upon information and belief, Defendant American Lithographers, Inc. has a registered agent address in Sacramento at 455 Capitol Mall, Suite 217, Sacramento, CA 95814 and has offices in Hayward and Sacramento. Upon information and belief, both American Lithographers, Inc. and Consolidated Graphics, Inc. are doing business as Pacific Standard Press out of the Sacramento, California location.

### Plaintiff's PACIFIC PRESS Trademark

6. Plaintiff Pacific Press is the owner of the trademark PACIFIC PRESS, used in connection with printing and publishing services since at least as early as 1874. Plaintiff Pacific Press is the premier provider of printing, publishing, and graphics services to Christian businesses. It publishes 40 trade books for adults and children, as well as numerous magazines and journals, all while providing subscription and printing services to businesses nationwide.

7. Plaintiff Pacific Press is the owner of the following federal trademark registrations:

| Trademark | Reg. No | Identification of services | Status |
| --- | --- | --- | --- |
| PACIFIC PRESS | 2095337 | "publishing for others, featuring religious books, magazines and periodicals" in International Class 41 | Renewed, May 9, 2007; Filed, November 26, 1996; Registered, September 9, 1997; Date of First Use in Commerce: June, 1875 |
| PACIFIC PRESS | 3281343 | "Graphic illustration services for others and graphic design services" in International Class 42 | Registered, August 21, 2007; Filed, November 2, 2006; Date of First Use in Commerce: 1874 |

(Copies of the above trademark registrations are attached as Exhibit A. Plaintiff's U.S. Reg. No. 2095337 is incontestable. Plaintiff's PACIFIC PRESS trademark together with U.S. Reg. Nos. 2095337 and 3281343 are collectively referred to as "Plaintiff's PACIFIC PRESS Trademark").

8. Plaintiff Pacific Press's total annual sales of goods and services in the United States bearing Plaintiff's PACIFIC PRESS Trademark are in the millions of dollars.

9. Plaintiff Pacific Press has directly and/or indirectly spent in excess of one million dollars advertising and promoting its goods and services in the United States bearing Plaintiff's PACIFIC PRESS Trademark.

10. As a result of the extensive sales and advertising of Plaintiff's PACIFIC PRESS Trademark, these trademarks are famous and have achieved secondary meaning in the marketplace among consumers identifying Plaintiff Pacific Press as the sole source of its goods and services.

11. Plaintiff Pacific Press has developed substantial goodwill in Plaintiff's PACIFIC PRESS Trademark and Plaintiff's PACIFIC PRESS Trademark is a business asset of immense value to Plaintiff Pacific Press. Consumers associate Plaintiff's PACIFIC PRESS Trademark with its goods and services that are of high quality and reliability.

12. Through the rendering of its services under the PACIFIC PRESS Trademark, Plaintiff Pacific Press strives to be a source of inspiration through the books, magazines, and sharing materials that it produces, designs, and distributes. Plaintiff's customers have come to identify Plaintiff as the sole provider of the services rendered under Plaintiff's PACIFIC PRESS Trademark.

13. Plaintiff's PACIFIC PRESS Trademark serves as a unique identifier of Plaintiff Pacific Press's goods and services among the general public, including individuals in the printing and publishing industry and religious community, and serves to distinguish Plaintiff Pacific Press's services from its competitors' goods and services.

14. Plaintiff Pacific Press has actively and consistently policed Plaintiff's PACIFIC PRESS Trademark in the past, by demanding that third-party users of similar trademarks cease and desist such use and by pursuing legal remedies where necessary.

**DEFENDANTS' PACIFIC STANDARD PRESS TRADEMARK**

15. Upon information and belief, Defendant Pacific Standard Press is in the business of providing printing, web printing, digital publishing, photocopying, binding, and mailing services under the mark PACIFIC STANDARD PRESS. Attached as Exhibit B is a list that details Defendant Pacific Standard Press's full in-house equipment and capabilities as provided on its website www.pacificstandardpress.com.

16. Upon information and belief, Defendant Pacific Standard Press previously conducted business under the name American Lithographers and recently adopted the PACIFIC STANDARD PRESS mark with knowledge of Plaintiff's PACIFIC PRESS Trademark.

17. Upon information and belief, Defendant Pacific Standard Press intentionally chose to use, and is continuing to use PACIFIC STANDARD PRESS as a trademark in connection with its services in order to capitalize on the goodwill of Plaintiff's PACIFIC PRESS Trademark.

18. Upon information and belief, Defendant Pacific Standard Press filed the following U.S. Trademark Application for Defendant's PACIFIC STANDARD PRESS Trademark:

| Trademark | Serial No. | Identification of services | Status |
| --- | --- | --- | --- |
| PACIFIC STANDARD PRESS | 77/743,525 | "Advertising and Business Services, namely, Photocopying Service, web printing, electronic prepress, digital and offset printing, finishing, storage, mailing, reproducing, compiling documents and delivery of printed documents according to design specifications" in International Class 35 | Filed, May 22, 2009; Date of First Use in Commerce: May 1, 2009 |

Attached as Exhibit C is a printout from the USPTO's Trademark Applications and Registrations Retrieval Database which shows the relevant information for U.S. Application Serial No. 77/743,525. Following the USPTO's citation of Plaintiff's PACIFIC PRESS Trademark as a bar to registration of U.S. Application Serial No. 77/743,525, on November 30, 2009, Defendant expressly abandoned its trademark application. Defendant's PACIFIC STANDARD PRESS Trademark and the PACIFIC STANDARD PRESS Trademark in U.S. Application Serial No. 77/743,525 are collectively referred to as Defendant's PACIFIC STANDARD PRESS Trademark.

19. Defendant Pacific Standard Press is using Defendant's PACIFIC STANDARD PRESS Trademark to advertise and render its printing, photocopying, and binding services in this judicial district.

20. Plaintiff has demanded that Defendant Pacific Standard Press cease and desist use of the PACIFIC STANDARD PRESS Trademark and Defendant has refused.

## COUNT I – TRADEMARK INFRINGEMENT
## UNDER THE LANHAM ACT, 15 U.S.C. § 1114

21. Plaintiff Pacific Press repeats and realleges paragraphs 1 through 20 herein.

22. Plaintiff Pacific Press's use of Plaintiff's PACIFIC PRESS Trademark, which is distinctive, on Plaintiff Pacific Press's goods and services for many years has established in the minds of customers and potential customers an association between Plaintiff's PACIFIC PRESS Trademark and Plaintiff Pacific Press as the source of the goods and services. Plaintiff's PACIFIC PRESS Trademark has secondary meaning, as an identification of the source of Plaintiff Pacific Press's goods and services.

23. Without Plaintiff Pacific Press's permission, Defendant Pacific Standard Press has adopted and used Defendant's PACIFIC STANDARD PRESS Trademark, and is advertising and promoting services to the general public under PACIFIC STANDARD PRESS, a trademark which is confusingly similar to Plaintiff's PACIFIC PRESS Trademark.

24. Defendant's PACIFIC STANDARD PRESS Trademark is virtually identical to Plaintiff's PACIFIC PRESS Trademark, with the only difference being the addition of the weak and highly suggestive term STANDARD in Defendant Pacific Standard Press's trademark.

25. Upon information and belief, Defendant Pacific Standard Press is advertising, marketing, and rendering services under its confusingly similar trademark PACIFIC STANDARD PRESS in interstate commerce.

26. As a direct consequence of Defendant Pacific Standard Press's actions, Plaintiff Pacific Press's customers and potential customers are likely to be, and have been deceived or confused as to the source, origin, sponsorship and/or endorsement of Defendant's services and their relationship to Plaintiff, wrongfully believing that the Defendant's services were conducted, rendered, sponsored by, licensed by, or otherwise authorized by Plaintiff Pacific Press.

27. Upon information and belief, Defendant's purpose in adopting and using the Defendant's PACIFIC STANDARD PRESS Trademark was and is to deceive, mislead and confuse customers and the public into believing that Plaintiff was and is the source of Defendant's services, or that the services offered in connection with said Trademarks are sponsored by, licensed by, or

associated with Plaintiff, so as to trade on the substantial fame, reputation and goodwill enjoyed by Plaintiff in connection with Plaintiff's PACIFIC PRESS Trademark.

28. Defendant's unlawful acts constitute trademark infringement in violation of the Lanham Act, 15 U.S.C. § 1114.

29. By reason of Defendant's unlawful acts and practices in violation of the Lanham Act, Plaintiff has suffered, and will continue to suffer damage to its business, reputation and goodwill, for which Plaintiff is entitled to injunctive, monetary and other relief, and will continue to suffer irreparable harm which is not fully compensable by money damages.

## COUNT II – UNFAIR COMPETITION
## UNDER THE LANHAM ACT, 15 U.S.C. § 1125(a)

30. Plaintiff Pacific Press repeats and realleges paragraphs 1 through 29 herein.

31. Plaintiff Pacific Press's use of Plaintiff's PACIFIC PRESS Trademark, which is distinctive, on Plaintiff Pacific Press's goods and services for many years has established in the minds of customers and potential customers an association between Plaintiff's PACIFIC PRESS Trademark and Plaintiff Pacific Press as the source of the goods and services. Plaintiff's PACIFIC PRESS Trademark has secondary meaning as an identification of the source of Plaintiff Pacific Press's goods and services.

32. Without Plaintiff Pacific Press's permission, Defendant Pacific Standard Press has adopted and used Defendant's PACIFIC STANDARD PRESS Trademark, and is advertising and promoting services to the general public under PACIFIC STANDARD PRESS, a trademark which is confusingly similar to Plaintiff's PACIFIC PRESS Trademark.

33. Defendant's PACIFIC STANDARD PRESS Trademark is virtually identical to Plaintiff's PACIFIC PRESS Trademark, with the only difference being the addition of the weak and highly suggestive term STANDARD in Defendant's Trademark.

34. Upon information and belief, Defendant Pacific Standard Press is advertising, marketing, and rendering services under its confusingly similar trademark PACIFIC STANDARD PRESS in interstate commerce.

PACIFIC PRESS PUBLISHING ASSOCIATION, INC.'S COMPLAINT

35. As a direct consequence of Defendant Pacific Standard Press's actions, Plaintiff Pacific Press's customers and potential customers are likely to be, and have been deceived or confused as to the source, origin, sponsorship and/or endorsement of Defendant's services and their relationship to Plaintiff, wrongfully believing that the Defendant's services were conducted, rendered, sponsored by, licensed by, or otherwise authorized by Plaintiff Pacific Press.

36. Upon information and belief, Defendant Pacific Standard Press's purpose in adopting and using the Defendant's PACIFIC STANDARD PRESS Trademark was and is to deceive, mislead and confuse customers and the public into believing that Plaintiff was and is the source of Defendant's services, or that the services offered in connection with said Trademark is sponsored by, licensed by, or associated with Plaintiff, so as to trade on the substantial fame, reputation and goodwill enjoyed by Plaintiff in connection with Plaintiff's PACIFIC PRESS Trademark

37. Defendant Pacific Standard Press's use of PACIFIC STANDARD PRESS constitutes unfair competition and false representation as to source in violation of the Lanham Act, 15 U.S.C. § 1125(a).

38. By reason of Defendant Pacific Standard Press's unlawful acts and practices, Plaintiff Pacific Press has suffered, and will continue to suffer damage to its business, reputation and goodwill, for which Plaintiff Pacific Press is entitled to injunctive relief and an award of damages, and will continue to suffer irreparable harm which is not fully compensable by money damages.

### COUNT III – UNFAIR COMPETITION UNDER CALIFORNIA LAW

39. Plaintiff Pacific Press repeats and re-alleges paragraphs 1-38 herein.

40. Defendant Pacific Standard Press's use of PACIFIC STANDARD PRESS constitutes unfair competition and a palming-off of Plaintiff's PACIFIC PRESS Trademark in violation of California law, Cal. Bus. & Prof. Code §§17200 et seq.

41. By reason of Defendant Pacific Standard Press's unlawful acts and practices, Plaintiff Pacific Press has suffered, and will continue to suffer damage to its business, reputation and goodwill, for which Plaintiff Pacific Press is entitled to injunctive relief and an award of damages, and will continue to suffer irreparable harm which is not fully compensable by money damages.

## COUNT IV – DILUTION UNDER THE LANHAM ACT,
## 15 U.S.C. § 1125(c)

42. Plaintiff Pacific Press repeats and re-alleges paragraphs 1 through 41 herein.

43. As a result of longstanding and extensive use, and wide recognition among consumers of printing, publishing, and graphics services, Plaintiff's PACIFIC PRESS Trademark has become distinctive as an indication of the source of such services.

44. Plaintiff's PACIFIC PRESS Trademark is distinctive and it identifies Plaintiff Pacific Press exclusively to customers and potential customers throughout the United States as the source of the services accompanying Plaintiff's PACIFIC PRESS Trademark.

45. Plaintiff Pacific Press has promoted and advertised Plaintiff's PACIFIC PRESS Trademark for many years on a nationwide and international basis. As a result of Plaintiff Pacific Press's sales, advertising and promotion, Plaintiff's PACIFIC PRESS Trademark is famous.

46. Defendant Pacific Standard Press uses PACIFIC STANDARD PRESS in connection with services which are rendered, advertised, and offered for sale in the United States.

47. Plaintiff's PACIFIC PRESS Trademark became famous long before Defendant PACIFIC STANDARD PRESS's use, adoption, and introduction of PACIFIC STANDARD PRESS.

48. Upon information and belief, Defendant Pacific Standard Press's use of PACIFIC STANDARD PRESS has been intentional and in bad faith, namely, with the intent to trade on Plaintiff Pacific Press's reputation and with the intent to cause dilution of Plaintiff's PACIFIC PRESS Trademark.

49. Defendant Pacific Standard Press's use of PACIFIC STANDARD PRESS has caused and is likely to continue to cause dilution of the distinctive quality of Plaintiff's PACIFIC PRESS Trademark in violation of the Lanham Act, 15 U.S.C. § 1125(c).

50. By reason of Defendant Pacific Standard Press's unlawful acts and practices, Plaintiff Pacific Press has suffered and will continue to suffer damage to its business, reputation and goodwill, for which Plaintiff Pacific Press is entitled to injunctive relief.

## COUNT V – DILUTION UNDER CALIFORNIA LAW

51. Plaintiff Pacific Press repeats and re-alleges paragraphs 1-50 herein.

52. Plaintiff's PACIFIC PRESS Trademark has become famous, widely recognized or distinctive. Defendant Pacific Standard Press's use of the PACIFIC STANDARD PRESS mark in connection with goods and services causes dilution of the distinctive quality of Plaintiff's PACIFIC PRESS Trademark in violation of California law, Cal. Bus. & Prof. Code § 14330.

53. By reason of Defendant Pacific Standard Press's unlawful acts and practices, Plaintiff Pacific Press has suffered and will continue to suffer damage to its business, reputation and goodwill, for which Plaintiff Pacific Press is entitled to injunctive relief.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Pacific Press prays that this Court enter judgment in its favor and grant the following relief:

A. An injunction enjoining Defendant Pacific Standard Press and its officers, directors, employees, parent companies, subsidiaries or affiliates from using any mark, tradename or source identifier, including PACIFIC STANDARD PRESS, that is confusingly similar to Plaintiff's PACIFIC PRESS Trademark;

B. An injunction enjoining Defendant Pacific Standard Press from selling, advertising or promoting any goods and services that infringe Plaintiff's PACIFIC PRESS Trademark;

C. That Plaintiff Pacific Press be awarded its actual damages and lost profits in an amount to be proven at trial;

D. That Defendant Pacific Standard Press be required to account for any profits attributable to their infringing acts;

E. That Plaintiff Pacific Press be awarded the greater of three times Defendant Pacific Standard Press's profits and three times any damages sustained by Plaintiff Pacific Press, and prejudgment interest;

F. That punitive damages be awarded to Plaintiff Pacific Press;

G. That all goods, labels, signs, prints, packages, wrappers, receptacles, and advertisements in the possession of Defendant Pacific Standard Press bearing PACIFIC

1  STANDARD PRESS, or any word, term, name, symbol, device, combination thereof, designation,
2  description, or representation that is found in violation of the Lanham Act, or any reproduction,
3  counterfeit, copy, or colorable imitation thereof, and all plates, molds, matrices, and other means of
4  making the same, shall be delivered up by Defendant Pacific Standard Press and destroyed;

5      H.    That pursuant to 15 U.S.C. § 1116, Defendant Pacific Standard Press file and serve a
6  report under oath within thirty (30) days of the issuance of injunctive relief indicating the manner in
7  which it has complied with any injunctive relief ordered by the Court;

8      I.    That Defendant Pacific Standard Press transfer the domain name
9  *www.pacificstandardpress.com* and all other domain names containing the words PACIFIC or
10 PRESS or an abbreviation therof to Plaintiff Pacific Press;

11     J.    That Plaintiff Pacific Press be awarded its reasonable attorneys' fees in prosecuting
12 this action; and

13     K.    That Plaintiff Pacific Press be granted such other and further relief which the Court
14 deems just and proper.

15 DATED: January 13, 2010        BUCHANAN INGERSOLL & ROONEY LLP

17                           /s/ Kirk M. Nuzum
18                           By:  Kirk M. Nuzum
                               Cyril J. Dantchev

19                           Attorneys for Plaintiff,
20                           PACIFIC PRESS PUBLISHING ASSOCIATION, INC.

PACIFIC PRESS PUBLISHING ASSOCIATION, INC.'S COMPLAINT